IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. S-07-0122 EJG

   v.                    <u>ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE</u>

JASON WEATHERSBY,

        Defendant.
_____/

    Defendant, a prisoner proceeding <u>pro se</u>, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  After reviewing the record, the documents filed in connection with the motion and the applicable law, the court has determined the motion may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments.  <u>Shah v. United States</u>, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the reasons that follow, the motion is DENIED.

///

///

1

Background

Defendant was convicted December 14, 2007 pursuant to his plea of guilty to one count of conspiracy to distribute, and possess with the intent to distribute MDMA, in violation of sections 841(a)(1) and 846 of Title 21 of the United States Code. The plea agreement provided, among other things, that defendant waived his rights to appeal and collaterally attack his conviction and sentence. (Plea Agreement, 6:23 - 7:9, attached as exhibit A.) Defendant was sentenced April 11, 2008 to a term of 70 months incarceration and 36 months supervised release. Now, a year after his conviction, and despite the express language of the plea agreement, defendant has filed the instant motion seeking to vacate his sentence.

Discussion

Defendant raises four purported claims in his § 2255 motion, all of which he attributes to his attorney's failings: 1) attorney's failure to explain criminal proceedings; 2) attorney's failure to investigate laboratory analyses; 3) attorney's failure to explain "PSR procedure"; and 4) attorney's failure to challenge denial of "safety valve" sentence reduction.

Defendant's arguments are unavailing.  He has waived the right to collaterally attack his conviction and sentence. Moreover, the claims are without merit.

2

1.  *Waiver of right to file collateral attack*

As part of his plea agreement, defendant "specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence." Plea Agreement, 7:7-9.[1] Defendant's waiver of his appellate rights is enforceable as long as the waiver encompasses the grounds raised in the challenge and is knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding waiver of appellate rights); United States v. DeJarnette, 63 Fed. Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and collateral attack).

Here, defendant's waiver is broad and clearly encompasses the collateral attack set out in his § 2255 motion. Instead of providing a limited waiver, the language of the plea agreement contains a broad, all-encompassing waiver giving up "<u>any</u> right he may have to bring a post-appeal attack on his conviction or his sentence." Plea Agreement, 7:6-7 (emphasis added). This is not an instance where the plea agreement provides a limited waiver, listing exceptions in which appellate or post-conviction attacks are contemplated. See e.g. United States v. Aureoles, 2005 WL 661433 (9th Cir., March 22, 2005) (plea agreement expressly reserved right to bring post-conviction attack based on

---

[1] Defendant also waived the right to appeal his conviction, any aspect of his sentence, and any order of restitution, as long as his sentence did not exceed the top of the sentencing guidelines as determined by the court, consistent with the parties' stipulations concerning guideline variables. Plea Agreement, 6:25 - 7:4.

3

ineffective assistance of counsel);[2] <u>United States v. Shimoda</u>, 334 F.3d 846 (9th Cir. 2003)(defendant retained right to challenge upward departure in collateral attack).

Finally, defendant has not shown that his waiver was either involuntary or unknowing. The plea agreement is clear in its expression of the waiver and defendant cannot legitimately contend he did not know its meaning where the agreement bears his signature, and he was specifically questioned by the court about his understanding of the waiver during the plea colloquy. (Reporter's Transcript of Change of Plea Colloquy, 9:18 - 10:4, attached as Exhibit B.)

2. *Ineffective assistance of counsel*

Even were the court to reach the substantive claims, they would be denied on the merits. Although couched as "failures" of his attorney, defendant's allegations can best be analyzed as claims of ineffective assistance of counsel. To prevail on such a claim, defendant must demonstrate that counsel's performance was deficient, and but for the deficiencies, the outcome would have been different. <u>See</u> <u>generally</u>, <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984). Defense counsel is presumed to have acted reasonably and to have provided constitutionally

---

[2] Pursuant to Rule 36-3 of the Rules of the Ninth Circuit Court of Appeals, unpublished dispositions are not precedent and may not be cited except in certain limited circumstances. Accordingly, while <u>Aureoles</u> has no precedential value, it is cited because it directly addresses the factual issue raised in the instant case, namely specificity of limited waivers of appellate rights and, therefore, is persuasive authority.

4

adequate assistance.  <u>Id.</u> 104 S.Ct. at 2065.  Moreover, second guessing of counsel's tactical decisions after conviction cannot form a basis for a claim of ineffective assistance.  See <u>Strickland</u>, 104 S.Ct. 2065 (counsel's performance must be evaluated without the "distorting effects of hindsight").

Defendant's first contention is that his attorney did not explain the criminal proceedings.  This vague, conclusory and unsupported statement is insufficient to show that counsel's performance was deficient.  In any event, defendant's responses during the plea colloquy with the court belie any such conclusion.  In his second claim, defendant contends his attorney failed to challenge the lab analyses.  Again, this statement is unsupported by either facts or law.

The third and fourth claims allege defendant's attorney did not explain the "PSR procedure" nor challenge or question the adverse statements made concerning applicability of the "safety valve".  As with his prior assertions, these lack a factual predicate and stand in stark contrast to both the informal written objections made by defendant' attorney to the draft pre-sentence report, and to the court during the sentencing proceedings.  (Transcript of Sentencing Proceedings, attached as Exhibit C.)

///

///

///

5

## Certificate of Appealability

Pursuant to recent Ninth Circuit authority, the court addresses the issue of *certificate of appealability* as part of the ruling on the post-conviction motion. In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253( c )." Fed. R. App. P. 22(b). Such certification may issue "only if [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

For all of the reasons stated above, namely defendant has waived the right to file a post-conviction attack, and has failed to provide any factual support for his claims, he has not made a substantial showing of the denial of a constitutional right. Accordingly, the court will not issue a certificate of appealability.

///
///
///
///
///
///

6

## Conclusion

For the reasons stated above, defendant's motion to vacate, set aside or correct his sentence is DENIED. The Clerk is directed to close companion civil case CIV. NO. S-09-1082 EJG. In addition, the district court will not issue a certificate of appealability.

IT IS SO ORDERED.

Dated: July 17, 2009

>                    /s/ Edward J. Garcia
>                    EDWARD J. GARCIA, JUDGE
>                    UNITED STATES DISTRICT COURT

7